Filed 12/2/15  P. v. Nott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076609 |
| v. | (Super. Ct. No. CM039418) |
| DANIEL JAMES NOTT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel James Nott asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment and order some corrections to the abstract of judgment.

1

In October 2012, the trial court sentenced defendant to county jail for two years for carrying a dirk or dagger, a felony. (Pen. Code, § 21310.)[1] In May 2013, defendant entered the county sheriff's alternative custody supervision program, was fitted with a GPS tracking device, and was advised deviation from his schedule without permission would result in an escape charge. (§ 4532; see § 1170.06, subd. (j)(2) [unauthorized departure, willful failure to return to detention, etc., punishable pursuant to § 4532]) In August 2013, defendant's GPS location history revealed he had spent two and one-half hours at an unauthorized location rather than at his place of employment. Defendant admitted he had not gone to work as scheduled and he had told deputies otherwise.

Defendant entered a no contest plea to escape (§ 4532, subd. (b)(1)) and admitted a prior prison term allegation (§ 667.5, subd. (b)) in exchange for a maximum sentence of four years and the dismissal of the remaining allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 (another prior prison term allegation and a prior serious felony allegation).

After denying defendant's request to dismiss the prior prison term allegation, the trial court imposed the upper term of three years for the offense plus one year for the prior prison term, awarded 297 days of presentence custody credit, and imposed various fees and fines.

Defendant appeals. His request for a certificate of probable cause (§ 1237.5) was denied.

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any

---

[1]     Undesignated statutory references are to the Penal Code.

arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

In our review of the record, we note some errors in the preparation of the abstract of judgment. The abstract erroneously reflects an $850 lab fee pursuant to Health and Safety Code section 11372.5, subdivision (a). The trial court did not so order because defendant was not convicted of an offense subject to a lab fee. The trial court did impose a total of $850 in fines and fees: a $200 general fine pursuant to section 672 plus $650 in assessments that included a $40 court surcharge fee (per § 1465.7), a $100 state court facilities construction fund fee (per § 1465.7), a $200 state penalty assessment (per § 1464), a $140 county penalty assessment (per Gov. Code, § 76000), a $20 DNA identification fund fee (per Gov. Code, § 76104.6), an $80 DNA identification fund fee (per Gov. Code, § 76104.7), a $30 conviction assessment fee (per Gov. Code, § 70373), and a $40 court operations assessment (per § 1465.8). However, these fines and fees do not appear on the abstract. We order the abstract corrected to include these fines and fees.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment (1) deleting the $850 lab fee and (2) adding the $200 general fine pursuant to Penal Code section 672 and the $650 in assessments listed above. The trial

court is directed to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

/s/

HOCH, J.

We concur:

/s/

BLEASE, Acting P. J.

/s/

BUTZ, J.